IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS MONTEZ SPANGLER, #188712,  )
  )
      Plaintiff,  )
  )
v.  )    CIVIL ACTION NO. 2:16-CV-794-MHT
  )
NURSE BUTLER, et al.,  )
  )
      Defendants.  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Marcus Montez Spangler ("Spangler"), an indigent state inmate currently incarcerated at the Bullock Correctional Facility. In the amended complaint, Spangler alleges that on April 2, 2016 defendants Salter and Dudley used excessive force against him in the health care unit at Bullock.[1] *Doc. No. 5* at 3. Spangler maintains that defendant Butler witnessed the use of force, failed to intervene on his behalf and refused to compile a body chart assessing his condition. *Id*. Spangler also challenges the constitutionality of a disciplinary lodged against him for fighting without a weapon and his alleged lack of access to medical treatment in July and August of 2016. *Id*.

Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits, prison records, disciplinary reports and medical records, in which they address the claims for relief presented by Spangler.

---

[1]Although Spangler tentatively identifies the date of the incident as June 2, 2016, it is clear from a review of undisputed evidentiary materials filed by the defendants that the alleged incident occurred on April 2, 2016.

The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Spangler. Specifically, defendants Salter and Dudley deny using any force on Spangler while in the health care unit. *Doc. No. 35-2* at 2; Doc. *No. 53-8* at 2. Nurse Butler maintains and the medical records reflect that she assessed Spangler's condition on April 2, 2017 and provided treatment she deemed necessary. *Doc. 42-1* at 2. In direct contradiction to the assertion made by Spangler, Nurse Butler did, in fact, complete a body chart and a detailed nursing encounter tool with respect to Spangler's physical condition. *Doc. 42-4* at 28-30. Nurse Butler further avers that "she has never observed any member of the Bullock correctional staff using improper force on Mr. Spangler on any occasion whatsoever." *Doc. No. 42-1* at 4. Moreover, the evidentiary materials filed by Nurse Butler in support of her special report demonstrate that medical personnel assessed Spangler each time he submitted a sick call request and reported to the health care unit for treatment.

In addition, the unrefuted medical records demonstrate that Spangler suffers from schizoaffective disorder. *Doc. No. 42-5* at 26. The medical records filed in *Spangler v. Johnson, et al.*, Civil Action No. 2:17-CV-0001-WKW-GMB (M.D. Ala.), further establish that Spangler often commits acts of self-inflicted harm in an effort to manipulate correctional officials. *Spangler v. Johnson, supra, – Doc. No. 8-6* at 13-22.[2] In their assessments of Spangler, mental health personnel have noted that "[h]e constantly

---

[2]The Court takes judicial notice of its records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009).

reports conflicts with officers which seem[] confabulated at best."[3]  *Spangler v. Johnson,*

*supra, – Doc. No. 8-6* at 22.[4]

After review of the defendants' special reports, the court issued an order herein

directing Spangler to file a response to such reports.  *Doc. No. 54*.  The order advised

Spangler that his failure to respond to the reports would be treated by the court "**as an**

**abandonment of the claims set forth in the complaint and as a failure to prosecute**

**this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically**

**cautioned [the plaintiff] that [his failure] to file a response in compliance with the**

**directives of this order**" would result in the dismissal of this civil action.  *Id*. (emphasis

in original).  The time allotted Spangler for filing a response in compliance with the

directives of this order expired on May 31, 2017.  Spangler has failed to file a requisite

response in opposition to the defendants' written reports.  The court therefore concludes

that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

dismissal is appropriate.  After such review, it is clear that dismissal of this case is the

proper course of action at this time.  Specifically, Spangler is an indigent individual.

Thus, the imposition of monetary or other punitive sanctions against him would be

ineffectual.  Additionally, Spangler's inaction in the face of the defendants' evidence,

which indicates Spangler fabricated the claims set forth in complaint, suggests a loss of

---

[3]Confabulation is "the fabrication of experiences or situations, often recounted in a detailed and plausible way[.]"  Mosby's Medical Dictionary (9th ed. 2009).

[4]Although Spangler is prescribed medication to treat the various mental health issues from which he suffers, he has often refused his medication. *Spangler v. Johnson, supra, – Doc. No. 8-6* at 25-26.

interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violations of the Constitution occurred. It therefore appears that any additional effort by this court to secure Spangler's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the court concludes that Spangler's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **June 29, 2017** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of June, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE